# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-627V
UNPUBLISHED

| | |
|---|---|
| TYLER ANTHONY THACKER,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: December 6, 2019<br><br>Special Processing Unit (SPU);<br>Decision Awarding Damages; Pain<br>and Suffering; Human Papillomavirus<br>(HPV) Vaccine; Vasovagal Syncope |

*Henry Domenick Acciani, O'Connor, Acciani & Levy, Cincinnati, OH,* for petitioner.

*Mallori Browne Openchowski, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION AWARDING DAMAGES[1]

  On April 29, 2019, Tyler Anthony Thacker filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered vasovagal syncope as the result of a human papilloma quadrivalent virus (HPV) vaccination administered on April 30, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

  On October 9, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for vasovagal syncope. On December 5, 2019, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $$56,814.42, which is comprised of damages for pain and suffering in the amount of $50,000, damages for unreimbursed out-of-pocket medical expenses in the amount of

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$1,864.00, and damages for future medical expenses in the amount of $4,950.42. Proffer at 1.  In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $56,814.42 in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

>                              s/Brian H. Corcoran
>                              Brian H. Corcoran
>                              Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| TYLER ANTHONY THACKER,  Petitioner,  v.  SECRETARY OF HEALTH AND HUMAN SERVICES,  Respondent. | No. 19-627V  Chief Special Master Corcoran  SPU |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.   Compensation for Vaccine Injury-Related Items**

On October 8, 2019, respondent concededed that entitlement to compensation was appropriate under the terms of the Vaccine Act.  Thereafter, on October 9, 2019, Chief Special Master Corcoran issued a Ruling on Entitlement finding that petitioner was entitled to vaccine compensation for his vasovagal syncope that occurred within one hour of HPV vaccination.  Based on the evidence of record, respondent proffers that petitioner should be awarded $56,814.42, which is comprised of damages for pain and suffering in the amount of $50,000.00, damages for unreimbursed out-of-pocket medical expenses in the amount of $1,864.00, and damages for future medical expenses in the amount of $4,950.42.  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

**II.      Form of the Award**

The parties recommend that compensation provided to petitioner should be made through a lump sum payment of $56,814.42, in the form of a check payable to petitioner. Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/ *Mallori B. Openchowski*
MALLORI B. OPENCHOWSKI
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Tel.: (202) 305-0660

DATED:  December 5, 2019