# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0627V
(not to be published)

| | |
|---|---|
| TYLER ANTHONY THACKER,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: April 24, 2020<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Henry Domenick Acciani*, O'Connor, Acciani, & Levy, Cincinnati, OH, for Petitioner.

*Heather Lynn Pearlman*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On April 29, 2019, Tyler Anthony Thacker filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered vasovagal syncope as the result of a quadrivalent human papillomavirus vaccine administered on April 30, 2016. (Petition at 1). On December 6, 2019, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 20).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated February 13, 2020, requesting $7,168.20 in fees and $700.00 in costs. (ECF No. 27). Petitioner also requests a total of $516.14 in fees and costs incurred by prior counsel - White, Getgey & Meyer, Co., LPA. (*Id.* at 2). On February 18, 2020, I ordered Petitioner to file documentation that was excluded from Petitioner's original motion for attorney's fees. (ECF No. 29). This included receipts for costs incurred, a signed General Order #9, and an invoice in support of prior counsel's fees and costs.

Respondent reacted to the motion on February 27, 2020, indicating that he does not object to the overall amount sought, but that his lack of objection should not be construed as an admission, concession or waiver as to the hourly rates, requested number of hours to number of hours billed. (ECF No. 30). On February 28, 2020, Petitioner filed his reply asserting the missing billing and costs substantiation had been filed. (ECF No. 31.). However, the General Order #9 statement remained missing, and was not filed until April 17, 2020 (indicating Petitioner had incurred no out-of-pocket expenses). (ECF No. 36).

In light of all the facts and circumstances of this case, particularly including the history of expedited resolution within the Special Processing Unit, and mindful of Respondent's acquiescence (by non-opposition) to the fees and costs requested, I find (after reviewing the submitted billing records, and based on my experience evaluating fee applications in similar Vaccine Act claims) that the overall amount sought for attorney fees and costs is reasonable. Thus, especially in the absence of any particularized objection from Respondent, further analysis is not warranted. Special Masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991). Moreover, Special Masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam).  *J.B. v. Sec'y of Health & Human Servs.*, No. 15-67V, 2016 WL 4046871 (Fed. Cl. Spec. Mstr. July 8, 2016) (addressing attorneys' fees and costs in the context of a history of attorneys' fees and costs awards in over 300 similarly situated SPU cases.)

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e).  Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award as follows:

- **A lump sum of $7,868.20, representing reimbursement for attorney's fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel and;**

- **A lump sum of $516.14, representing reimbursement for attorney's fees and costs, in the form of a check payable to Petitioner and the firm of White, Getgey & Meyer Co., LPA.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.